WILSON *v.* STATE.

(In Banc. Nov. 12, 1945.)

[23 So. (2d) 684. No. 35966.]

**Forrest G. Cooper**, of Indianola, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

McGehee, J., delivered the opinion of the court.

The conviction appealed from in this case is based upon the fact that the defendant had staked out a cow on his own premises in close proximity to a ''chicken-wire'' fence on the line of the adjoining lot of the prosecuting witness, and permitted the cow to damage the fence.

The first trespass by the cow was immediately prior to Thanksgiving Day of 1944, when the fence consisted

of posts which were spaced about twelve feet apart and an old wire attached thereto. Shortly before Christmas of that year it appears that the old wire had been replaced with new wire, and the fence had evidently been rendered more substantial when it was thus repaired. Thereafter, on December 30th, the cow damaged the new fence and entered upon the adjoining lot to that where she had been staked daily for several weeks prior thereto. In the meantime, the cow had manifested no intention to commit the second trespass, and there is nothing in the proof to indicate that the defendant knew or had any reason to believe that it was her purpose to damage or break through the new fence. In fact, her docile attitude for several weeks prior to the offense complained of seems to have negatived any intention on her part to commit a further trespass. It may be that the defendant was negligent in not shortening the chain by which the cow was attached to the iron stake on his own premises so as to prevent her from coming in contact with the "chicken-wire" fence of his neighbor; but there is no proof in the case to warrant the conclusion that he intended thereby to wilfully damage the property of his neighbor through the agency of this cow. No motive or reason is disclosed by the record as to why the defendant would have wanted to do his neighbor any harm. The only malice or wilfulness shown in the case, if it can be said that any existed at all, is the action of the prosecuting witness in having the defendant arrested on the charge of having unlawfully and wilfully committed a trespass by causing the cow to damage the fence.

The prosecution is predicated either on Section 2406, Code of 1942, which provides that "Any person who shall be guilty of a wilful or malicious trespass upon the real or personal property of another, . . . shall, upon conviction, be fined," etc., or upon Section 2411, Code of 1942, which provides that "If any person shall go upon the inclosed land of another without his consent, after having been notified by such person or his agent not to

do so, . . . . or shall remain on such land after a request by such person or his agent to depart, he shall, upon conviction, be fined," etc.

The cow was not "a person" within the meaning of these statutes, nor was it shown under the latter statute that she remained on the land of the prosecuting witness after having been requested "to depart." Then, too, the prosecution is not against her. Moreover, the undisputed facts in the case do not show, or substantially tend to indicate, that the owner of the cow was guilty of a crime under either of these statutes. The Attorney General virtually concedes that the facts may be insufficient to establish the guilt of the defendant Wilson under either of the statutes involved.

Reversed, and judgment here for the appellant.